**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN D. MENDAROS, *et al.*, | No. C-13-05396 DMR |
| Plaintiffs, | **ORDER DISMISSING CASE AND REMANDING SEPARATE ACTION TO CONTRA COSTA COUNTY SUPERIOR COURT** |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| Defendant. | |

*Pro se* Plaintiffs Edwin D. Mendaros and Maritess T. Mendaros filed this action on November 20, 2013. On December 13, 2013, Defendant JPMorgan Chase Bank, National Association ("JPMorgan") filed a motion to dismiss Plaintiffs' complaint and noticed the motion for hearing on February 13, 2014. [Docket No. 7.] On December 24, 2013, Plaintiffs filed a Notice of Removal of a separate action from Contra Costa County Superior Court where it was pending as JPMorgan's complaint for unlawful detainer against Plaintiffs. [Docket No. 13 (Notice of Removal of Contra Costa County Case No. MS 13-1037).] Plaintiffs did not file a response to Defendant's motion to dismiss. On January 3, 2014, the court issued an Order to Show Cause, ordering Plaintiffs to explain their failure to respond to the motion by January 15, 2014. [Docket No. 14.] The court noted that Plaintiffs' failure to respond to the Order to Show Cause could result in the court granting

JPMorgan's motion to dismiss. On January 8, 2014, JPMorgan filed a motion to remand the removed action to state court. [Docket No. 15.]

### I. Motion to Dismiss

On January 15, 2014, Plaintiffs filed a document titled "Plaintiff's Reply to Defendant's Opposition to show cause and A Motion to the court to allow Plaintiff's A Motion for Leave to Amend Plaintiff's Complaint." [Docket No. 17.] While the document purports to be Plaintiffs' opposition to JPMorgan's motion to dismiss, it did not respond to any of the arguments raised by JPMorgan in its motion. Plaintiffs did not otherwise respond to the Order to Show Cause. Accordingly, JPMorgan's motion to dismiss is granted and Plaintiffs' complaint is dismissed without prejudice.

### II. Motion to Remand

On January 15, 2014, Plaintiffs filed a "Reply to Plaintiff's Motion to Remand," which appears to be an opposition to JPMorgan's motion to remand. [Docket No. 16.]

Plaintiffs removed this case pursuant to 28 U.S.C. § 1441 from Contra Costa County Superior Court. It appears that the removal is based on 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Notice of Removal refers to violations of "multiple Federal" laws. (Notice of Removal 3.)

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or

2

should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

According to Plaintiffs' Notice of Removal, a federal question arises because JPMorgan did not comply with "multiple Federal laws" and committed "an illegal, wrongful sale" of Plaintiffs' property. (Notice of Removal 2.) The complaint that JPMorgan filed in Contra Costa County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (Notice of Removal Ex. 7.) Whatever Plaintiffs intend to argue in their defense of the unlawful detainer action does not give rise to removal jurisdiction. *See Holmes Group*, 535 U.S. at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim).

### III. Conclusion

For the reasons above, Plaintiffs' complaint is dismissed without prejudice. The separate action removed by Plaintiffs from Contra Costa County Superior Court and filed in this case (Contra Costa County Case No. MS 13-1037; *see* Docket No. 13) is remanded to Contra Costa County Superior Court. The Clerk is ordered to close the case file.

IT IS SO ORDERED.

Dated: January 28, 2014



_____
DONNA M. RYU
United States Magistrate Judge